UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASTE-TO-ENERGY ASSOCIATION,<br>5600 Connecticut Ave., NW<br>Washington, DC 20015<br><br>                Plaintiff,<br><br>  v.<br><br><br><br>UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY and MICHAEL S. REGAN,<br>in his official capacity as Administrator of the<br>Environmental Protection Agency,<br>Mail Code 1101A<br>1200 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20460<br><br>                Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff Waste-to-Energy Association ("WTEA") seeks to compel Defendants U.S. Environmental Protection Agency and Michael S. Regan, Administrator of the U.S. Environmental Protection Agency (collectively, "EPA"), to complete the decades-late residual risk review for large municipal solid waste combustors ("large MWCs") as required by the Clean Air Act Sections 129(h)(3) and 112(f)(2)(A).  42 U.S.C. §§ 7429(h)(3), 7412(f)(2)(A).

2. EPA's failure to conduct its required residual risk review constitutes a "failure of the Administrator to perform any act or duty under [the Clean Air Act] which is not discretionary with the Administrator" as set forth in the Clean Air Act's citizen suit provision. 42 U.S.C. § 7604(a)(2).

3. EPA compounds this failure by negotiating a proposed Consent Decree to resolve a related deadline suit in *East Yard Communities for Environmental Justice v. U.S. Environmental Protection Agency*, No. 1:22-cv-00094-JEB (D.D.C. Jan. 13, 2022). In that case, the Consent Decree that EPA has lodged would require it to propose and then finalize revisions to the large MWC National Emissions Standards for Hazardous Air Pollutants ("NESHAP") without completing the residual risk analysis.

## JURISDICTION AND VENUE

4. This action arises under the Clean Air Act, 42 U.S.C. § 7429(h)(3). This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

5. This Court may order EPA to perform the requisite acts and duties, may issue a declaratory judgment, and may grant further relief pursuant to 42 U.S.C. § 7604(a); the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202; and 28 U.S.C. § 1361.

6. Plaintiff has a right to bring this action pursuant to the Clean Air Act, 42 U.S.C §7604(a)(2); 28 U.S.C. § 1361.

7. By certified letter to Administrator Regan on July 13, 2023, Plaintiff gave notice of this action as required by 42 U.S.C. § 7604(b)(2) and 40 C.F.R. § 54.1-1.3. *See* Exhibit A, Letter from T. Hogan to M. Regan re Notice of Citizen Suit, July 13, 2023. More than 60 days have passed since that notice letter was sent to Defendants.

8. Venue is vested in this Court under 28 U.S.C. § 1391(e) because Defendants reside in this District. 28 U.S.C. § 1391(e)(1).

**PARTIES**

9. Plaintiff **WTEA** is a national trade organization representing municipal entities and partnering companies that own and/or operate waste to energy facilities (also known as municipal waste combustors or MWCs) across the United States.

10. These facilities safely dispose of over 30 million tons of municipal solid waste annually while generating 2,500 MW of renewable electricity using modern combustion technology equipped with emissions control systems that meet or exceed state and federal standards and are protective of human health and the environment.

11. WTEA (and its predecessors) have actively participated in every major Clean Air Act rulemaking affecting MWCs for decades, including both the 1995 and 2006 large MWC regulations promulgated under Sections 111 and 129 of the Clean Air Act, discussed below.

12. WTEA members and the communities they serve are directly affected by these regulations and will be further directly affected by whatever decisions EPA makes in its residual risk analysis that is the subject of this lawsuit.

13. An order mandating that EPA perform the required residual risk analysis on the timeline set forth in this Complaint would redress Plaintiff's injuries.

14. Defendant **United States Environmental Protection Agency** is a federal agency charged with protecting public and environmental health, including through promulgation of regulations to implement the Clean Air Act.

15. Defendant **Michael S. Regan** is the Administrator of the EPA. In that role, he is charged with the duty to uphold the Clean Air Act and to take the required regulatory actions established therein.

**BACKGROUND**

16. Clean Air Act Section 129, 42 U.S.C. § 7429, requires EPA to (1) issue regulations (so-called "MACT standards") for many categories of solid waste incinerators, including MWCs; (2) review and revise those standards as necessary every 5 years (§ 129(a)(5)); and (3) evaluate whether to promulgate revised standards based on "residual risk" eight years after the initial MACT standards (§§ 129(h)(3) and 112(f)). In other words, EPA should first perform its residual risk analysis to determine if revised standards under Section 112(f) are required and then evaluate whether to promulgate revised MACT standards under Section 129.

17. EPA issued its first round of MACT standards for large MWCs to comply with these provisions in 1995. 60 Fed. Reg. 65387 (Dec. 19, 1995).

18. Because these MACT standards were issued in 1995, EPA was required to complete its residual risk analysis by no later than 2003. But EPA did not do so.

19. EPA issued revised MACT standards in 2006. 71 Fed. Reg. 27324 (May 10, 2006).

20. Sierra Club sued EPA over those standards in the D.C. Circuit. *Sierra Club v. EPA,* No. 06-1250 (D.C. Cir. July 7, 2006).

21. In November 2007, EPA moved to voluntarily remand the MACT standards to address issues raised by Sierra Club and subsequent case law. In 2008, the D.C. Circuit granted the remand. Order, *Sierra Club v. EPA*, No. 06-1250 (D.C. Cir. Feb. 15, 2008). Both the 1995 and 2006 MACT standards currently remain effective.

22. EPA has not issued regulations in response to that remand. In 2021 and 2022, a group of plaintiffs/petitioners filed suit against EPA in both the D.C. Circuit and the U.S.

District Court for the District of Columbia seeking to force EPA to issue revised MACT standards.  *See* Petition for Writ of Mandamus, *In re East Yard Communities for Environmental Justice*, No. 21-1271 (D.C. Cir. Dec. 21, 2021); Complaint, *East Yard Communities for Environmental Justice v. U.S. Environmental Protection Agency*, No. 1:22-cv-00094-JEB (D.D.C. Jan. 13, 2022) ("*East Yard*").  EPA and the plaintiffs in the district court case have lodged with the court a Consent Decree that would require EPA to propose and finalize new MACT rules for large MWCs by December 31, 2023 and November 30, 2024, respectively.  On information and belief, EPA has not asked the court to enter the Consent Decree, and the court has not done so.

23. The *East Yard* district court case (as well as the *In Re East Yard Communities for Environmental Justice* D.C. Circuit case) concern the same set of facts and law as WTEA's complaint filed here – lawful standards for large MWCs under Sections 111 and 129 of the Clean Air Act.  The lodged Consent Decree in *East Yard* does not address EPA's responsibility to perform the residual risk analysis.  *See* Comments of the Waste to Energy Association on the Proposed Consent Decree in *East Yard Communities for Environmental Justice v. EPA,* No. 22-cv-00094 (D.D.C.); Docket ID No. EPA-HQ-OGC-2023-0310.

24. Under the Unfunded Mandates Reform Act of 1995, 2 U.S.C. §1501 *et seq*., EPA recently solicited public comments regarding possible revisions to MACT rules for large MWCs.  Comments submitted by the *East Yard* plaintiffs call on EPA to perform a residual risk analysis like the analysis called for in this Complaint.

25. EPA should perform the required residual risk analysis prior to or concurrent with review and revision of the MACT standards contemplated under the Consent Decree in *East Yard.*  EPA must undertake this non-discretionary action in order to redress both WTEA's

5

injuries in this case as well as those of the plaintiffs/petitioners in the *East Yard Communities for Environmental Justice* district and DC Circuit court cases.

## EPA'S FAILURE TO PERFORM THE RESIDUAL RISK ANALYSIS REQUIRED BY THE CLEAN AIR ACT

26. EPA was required to complete its residual risk review in 2003, 8 years after the 1995 MACT standards were promulgated. Specifically, the residual risk provisions of CAA Sections 129 and 112 require EPA to determine whether new standards are required after implementation of the MACT standards to provide an ample margin of safety to protect public health or to prevent, taking into consideration costs, energy, safety and other relevant factors, an adverse environmental effect. 42 U.S.C. §§ 7429(h)(3), 7412(f)(2)(A).

27. EPA began a residual risk review in December 2014 as part of its work to address the voluntary remand of the 1995/2006 MACT standards. As part of that process, EPA had significant and substantive technical discussions with MWC owners and the communities they serve, but the review was never completed.

28. EPA should complete the residual risk analysis it began in 2014 prior to or in conjunction with any revised MACT analysis. Whether or not there are residual risks should inform EPA's consideration of any decision to revise the MACT standard. Congress designed the residual risk review to ensure that EPA would confirm that the standards in place are adequately protective. The underlying MACT standards at issue here have been in effect for nearly 30 years without EPA conducting the analysis that Congress required in Sections 129(h)(3) and 112(f).

29. Completion of a residual risk review *after* the MACT review and revision under the Consent Decree proposed in *East Yard* would needlessly delay EPA's assessment under Section 7412(f) specifically designed to address whether there are any residual risks to human

health and the environment with an ample margin of safety. It would also impose additional administrative burdens on EPA and MWCs with no benefit to human health or the environment.

30. The Clean Air Act and the proposed *East Yard* Consent Decree provide that the MACT review must be in accordance with 42 U.S.C. § 7429. Since evaluating residual risk under Section 7412(f) is also a requirement of 42 U.S.C. § 7429, EPA must also consider residual risk in its review, but we have no indication that EPA is planning to do this or has factored residual risk into its timeline. The lodged Consent Decree in *East Yard* compounds EPA's failure to timely complete a residual risk analysis. To avoid this repeated and continuing violation of 42 U.S.C. § 7429, EPA must not undertake further actions in addressing MACT standards unless it includes the residual risk analysis that is the subject of this lawsuit.

31. The proposed timetable of the Consent Decree in *East Yard* does not allow sufficient time for completion of a residual risk analysis.

## CLAIM FOR RELIEF

**Violation of Sections 7429(a)(5), (h)(3) and 7412(f)(2) of the Clean Air Act**

32. Plaintiff incorporates paragraphs 1-31.

33. EPA's failure to perform a residual risk analysis for large MWCs within 8 years of the initial or revised MACT standards for those facilities constitutes a "failure of [EPA] to perform any act or duty under [the Clean Air Act] which is not discretionary" within the meaning of section 7604(a)(2) of the Clean Air Act.

34. Each day that EPA fails to take this legally required action, EPA commits new, additional, and ongoing violations of its duties under Sections 129(h)(3) and 112(f).

## PRAYER FOR RELIEF

35. WHEREFORE, Plaintiff respectfully requests that the Court:

7

(a) Declare that EPA's failure to complete its residual risk analysis for large MWCs constitutes a "failure of the Administrator to perform any act or duty under [the Clean Air Act] with is not discretionary within the meaning of Section 7604(a)(2);

(b) Order EPA to complete its residual risk analysis for large MWCs in accordance with Sections 129 and 112 by incorporating the residual risk review and determination if additional standards under Section 112(f) are necessary in the proposed and final standards that are the subject of the petitioners' lawsuit in *East Yard Communities for Environmental Justice v. U.S. Environmental Protection Agency*, No. 1:22-cv-00094-JEB (D.D.C. Jan. 13, 2022);

(c) Retain jurisdiction to ensure compliance with this Court's decree;

(d) Award Plaintiff the costs of this action, including attorneys' fees pursuant to Clean Air Act § 304(d), 42 U.S.C. § 7604(d); and

(e) Grant such other relief as the Court deems just and proper.

DATED: September 18, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/ Nessa Coppinger_____
　　　　　　　　　　　　　　　　　　　　　　David Friedland (DC Bar # 414556)
　　　　　　　　　　　　　　　　　　　　　　Nessa Horewitch Coppinger (DC Bar #477467)
　　　　　　　　　　　　　　　　　　　　　　Beveridge & Diamond, PC
　　　　　　　　　　　　　　　　　　　　　　1900 N St., NW, Suite 100
　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　　　　(202) 789-6000
　　　　　　　　　　　　　　　　　　　　　　Email: dfriedland@bdlaw.com
　　　　　　　　　　　　　　　　　　　　　　Email: ncoppinger@bdlaw.com

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff Waste-to-Energy Association*