# UNITED STATES DISTRIC COURT
# FOR THE DISTRICT OF COLUMBIA

WASTE-TO-ENERGY ASSOCIATION,

                Plaintiff,

    v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY *et al.,*

                Defendants.

Case No. 1:23-cv-02726-JEB

Hon. James E. Boasberg

# EAST YARD'S [PROPOSED] OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE, OR IN THE ALTERNATIVE,
# AMICUS BRIEF IN OPPOSITION TO MOTION TO CONSOLIDATE

# TABLE OF CONTENTS

**Page**

BACKGROUND ................................................................................................ 1

LEGAL STANDARD ........................................................................................ 5

ARGUMENT .................................................................................................... 5

    I. The Court Must Reject WTEA's Brazen Attempt to Circumvent Clear Circuit Precedent Preventing WTEA From Intervening in the East Yard Matter. ................. 5

    II. Granting Consolidation Would Result in Prejudice to East Yard and the Communities They Represent. .............................................................................. 7

    III. Consolidation Would Not Benefit Judicial Economy. ...................................... 10

CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Blue Ridge Envtl. Def. League v. Pruitt,*
    261 F. Supp. 3d 53 (D.D.C. 2017) ........................................................................ 10

*Cement Kiln Recycling Coal. v. EPA,*
    255 F.3d 855 (D.C. Cir. 2001) ............................................................................... 3

*Chang v. United States,*
    217 F.R.D. 262 (D.D.C. 2003) ............................................................................... 5

*Citizens for a Better Env't v. Gorsuch,*
    718 F.2d 1117 (D.C. Cir. 1983) ............................................................................. 6

*Clayton v. D.C.,*
    36 F. Supp. 3d 91 (D.D.C. 2014) ...................................................................... 5, 10

*De La Fuente v. DNC Servs. Corp.,*
    No. 18-336, 2019 WL 1778948 (D.D.C. Apr. 23, 2019) ......................................... 6

*Defs. of Wildlife v. Perciasepe,*
    714 F.3d 1317 (D.C. Cir. 2013) ......................................................................... 5, 8

*Env't Integrity Project v. Pruitt,*
    709 F. App'x 12 (D.C. Cir. 2017) .......................................................................... 6

*Frederick v. S. Star Cent. Gas Pipeline, Inc.,*
    No. 10–1063, 2010 WL 4386911 (D. Kan. Oct. 29, 2010) .................................... 10

*Hanson v. D.C.,*
    257 F.R.D. 19, 21 (D.D.C. 2009) ........................................................................... 5

*In re East Yard Communities for Environmental Justice,*
    No. 21-1271, Petition for Writ of Mandamus (D.C. Cir., Dec. 21, 2021) ............. 3, 7

*In re Idaho Conservation League,*
    811 F.3d 502 (D.C. Cir. 2016) ............................................................................... 6

*Klayman v. Judicial Watch, Inc.,*
    255 F. Supp. 3d 161 (D.D.C. 2017) ..................................................................... 11

*Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland,*
    478 U.S. 501 (1986) .............................................................................................. 6

*Moten & Bricklayers, Masons & Plasterers Int'l Union,*
    543 F.2d 224 (D.C. Cir. 1976) ................................................................. 5

*Northeast Maryland Waste Disposal Authority v. EPA,*
    358 F.3d 936 (D.C. Cir. 2004) ............................................................... 3

*Sierra Club v. EPA,*
    167 F.3d 658 (D.C. Cir. 1999) ............................................................... 3

*Sierra Club v. EPA,*
    479 F.3d 875 (D.C. Cir. 2007) ............................................................... 3

*Sierra Club v. EPA,*
    No. 06-1250 (D.C. Cir.)
    EPA Mot. for Voluntary Remand (Nov. 9, 2007) ................................... 3
    EPA's Reply In further Support of Its Mot. for Vol. Remand (Dec. 6, 2007) ..... 3, 10
    Order (Feb. 15, 2008) ........................................................................... 3

*Sierra Club v. Whitman,*
    No. 01-1537 (D.D.C.) ........................................................................... 7

*Stewart v. O'Neill,*
    225 F. Supp. 2d 16 (D.D.C. 2002) ....................................................... 10

*Trustees of the Iam Nat'l Pension Fund v. Ohio Magnetics, Inc.,*
    No. 21-928, 2021 WL 3036854 (D.D.C. July 16, 2021) ........................ 5

**Statutes**

42 U.S.C. § 7411(b) ..................................................................................... 2

42 U.S.C. § 7412(f) ................................................................................2, 9, 10

42 U.S.C. § 7413(g) ..................................................................................... 3

42 U.S.C. § 7429(a) ...............................................................................1, 2, 8, 9

42 U.S.C. § 7429(h) ..................................................................................... 2

**Rules & Regulations**

Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources,
    60 Fed. Reg. 65,387 (Dec. 19, 1995) ................................................... 2

Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources: Large Municipal Waste Combustors,
    71 Fed. Reg. 27,324 (May 10, 2006) ................................................... 2

Standards of Performance for New Stationary Sources and Emission Guidelines for Existing
Sources: Hospital/Medical/Infectious Waste Incinerators,
72 Fed. Reg. 5,510 (Feb. 6, 2007)..............................................................9, 10

Proposed Consent Decree, Clean Air Act Citizen Suit,
88 Fed. Reg. 38,859 (June 14, 2023) .........................................................4

**Rules of Court**

Fed. R. Civ. P. 42(a).....................................................................................5

**Other Authorities**

*East Yard Communities for Environmental Justice v. U.S. Environmental Protection Agency*,
No. 1:22-cv-00094-JEB
Declaration of Whitney Amaya, ECF 1-5 (Nov. 30, 2021)...............................7
Declaration of Kimberly Yamilet Amaya, ECF 1-6 (Dec. 13, 2021)..................8
Declaration of Maria Lopez Nuñez, ECF 1-7 (Nov. 30, 2021) .......................8
Declaration of Neil Carman, ECF 1-8 (Dec. 15, 2021) ..................................8
Declaration of Huda Fashho, ECF 1-9 (Dec. 3, 2021)....................................8
Declaration of Spencer John Pierce, ECF 1-10 (Dec. 7, 2021) ........................8
Joint Motion to Enter Consent Decree, ECF 24 (Sept. 19, 2023)................4, 10
Consent Decree, ECF 24-1 (Sept. 19, 2023)..............................................3, 4, 8
LGCRE Motion for Leave to File Amicus, ECF 26 (Sept. 22, 2023) ...............4
LGCRE Amicus Brief, ECF 27 (Sept. 22, 2023)............................................4

T. Michaels, President, IWSA, Comments, Feb. 6, 2006, [EPA-HQ-OAR-2005-0117-0073].......7

T. Michaels, President, IWSA, Comments, April 18, 2007 [EPA-HQ-OAR-2005-0117-0163] ....7

T. Michaels, President, IWSA, Comments, Sept. 6, 2013 [EPA-HQ-ORD-2011-0805-0003].......7

Waste-to-Energy Association, *Who We Are*,
https://www.wte.org/about-the-wte-association (last visited Oct. 4, 2023).......................4

<u>List of Exhibits:</u>

Ex. 2 - EPA's Reply In further Support of Its Mot. for Voluntary Remand, *Sierra Club v. EPA*,
No. 06-1250 (D.C. Cir., Dec. 6, 2007)
Ex. 3 - EPA Mot. for Voluntary Remand, *Sierra Club v. EPA*, No. 06-1250 (D.C. Cir., Nov. 9,
2007)
Ex. 4 - Order, No. 06-1250 (D.C. Cir., Feb. 15, 2008)
Ex. 5 - Petition for Writ of Mandamus, *In re East Yard Communities for Environmental Justice*,
No. 21-1271 (D.C. Cir., Dec. 21, 2021)

East Yard Communities for Environmental Justice, Ironbound Community Corporation, and Sierra Club (collectively "East Yard") – Plaintiffs in a distinct suit before this Court, *East Yard Communities for Environmental Justice v. U.S. Environmental Protection Agency*, No. 1:22-cv-00094-JEB ("*East Yard*") – oppose the Waste to Energy Association's ("WTEA's") Motion to Consolidate their newly filed case with East Yard's case. In the *East Yard* Matter, East Yard and Defendant U.S. Environmental Protection Agency ("EPA") have agreed to a proposed Consent Decree, whose approval is now pending before the Court, that would set a deadline for EPA to review and, if necessary, revise its incinerator emission standards. WTEA, apparently displeased with the rulemaking deadline in the proposed Consent Decree, has filed the instant matter and its Motion to Consolidate in a last-ditch attempt to further delay and undermine an EPA rulemaking that is already decades overdue. Their Motion to Consolidate is a brazen attempt to circumvent this Circuit's precedent that prevents parties like WTEA from intervening in simple deadline suits like the *East Yard* Matter. This Court should not allow WTEA to achieve through gamesmanship what it would not be able to achieve through normal litigation practice. The Court should therefore deny WTEA's Motion to Consolidate.

## BACKGROUND

Section 129 of the Clean Air Act sets forth a multi-step process for EPA to set and revise emission limits for incinerators. EPA must first set numerical emission limits that reflect the "maximum degree" of emission reduction that EPA determines is "achievable" for various categories of incinerators ("maximum achievable control technology" or "MACT" standards), such that the limits are not more lenient than a statutorily defined "MACT Floor." 42 U.S.C. § 7429(a)(2), (4). In addition to these numerical emission limits, EPA's regulations must include "methods and technologies for removal or destruction of pollutants before, during, or after

combustion," "siting requirements" for new units, monitoring requirements, and other provisions. *Id.* § 7429(a)(3), (c). Within five years of promulgating these initial standards, and at five-year intervals thereafter, EPA must "review, and . . . revise such standards and requirements," *id.* § 7429(a)(5), taking into account factors such as whether emission reductions achieved in practice exceed the emission reductions required by EPA's standards, *see id.* (instructing EPA to revise incinerator emission limits "in accordance with this section and section 7411"); *id.* § 7411(b)(1)(B).

Separate from this five-year review schedule, the Act also requires EPA to conduct a "residual risk" analysis to further reduce the emission limits if EPA finds that additional emission reductions are "required in order to provide an ample margin of safety to protect public health . . . or to prevent . . . an adverse environmental effect." *Id.* § 7412(f)(2)(A); *id.* § 7429(h)(3). But unlike EPA's general obligation to "review, and . . . revise" the standards, which must occur every five years, *id.* § 7429(a)(5), the Act's deadline for EPA to conduct the residual-risk analysis is within either eight or nine years of promulgation of the standards, *id.* § 7412(f)(2)(C).

EPA promulgated its initial Section 129 standards for large municipal waste combustors ("LMWCs") in 1995 and issued revised standards in 2006. *See* Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources, 60 Fed. Reg. 65,387, 65,390 (Dec. 19, 1995); Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources: Large Municipal Waste Combustors, 71 Fed. Reg. 27,324 (May 10, 2006). Sierra Club challenged the 2006 standards in the D.C. Circuit, and EPA subsequently moved for voluntary remand of those standards after recognizing that the MACT Floors it calculated for the 1995 standards, and continued to use in the 2006 standards, were "not consistent" with post-1995 D.C. Circuit precedent, and that "the deficiency identified by the [D.C. Circuit] is present in the

1995 [L]MWC rule." EPA's Reply In further Support of Its Mot. for Voluntary Remand, *Sierra Club v. EPA*, No. 06-1250, at 3 (D.C. Cir., Dec. 6, 2007) (attached as Exhibit 2); *see also* EPA Mot. for Voluntary Remand, *Sierra Club v. EPA*, No. 06-1250, at 5–6, 10 (D.C. Cir., Nov. 9, 2007) (citing *Northeast Maryland Waste Disposal Authority v. EPA*, 358 F.3d 936, 953–54 (D.C. Cir. 2004); *Cement Kiln Recycling Coal. v. EPA*, 255 F.3d 855, 861–66 (D.C. Cir. 2001))[1] (attached Exhibit 3). EPA represented to the Court that it would also address other deficiencies of the 2006 standards that were raised in public comments, such as the lack of a requirement to install fabric filters, the lack of precombustion controls, and EPA's choice of monitoring requirements. Ex. 2 at 10–11. The Court granted EPA's motion and remanded the 2006 standards. Order, No. 06-1250 (D.C. Cir., Feb. 15, 2008) (attached as Exhibit 4).

Over a dozen years later, after EPA had failed to take additional action on the LMWC standards, East Yard filed an action before this Court for EPA's failure to update the standards in accordance with the five-year timeline of the Clean Air Act (the *East Yard* Matter) and a mandamus petition in the D.C. Circuit for EPA's failure to cure the admitted "deficienc[ies]" of the 2006 standards in accordance with that Court's Remand Order. Petition for Writ of Mandamus, *In re East Yard Communities for Environmental Justice*, No. 21-1271 (D.C. Cir., Dec. 21, 2021) (attached as Exhibit 5).

After over a year of settlement negotiations, East Yard and EPA agreed to a proposed Consent Decree that would resolve both *East Yard* lawsuits. *See* Consent Decree, *East Yard*, ECF 24-1 (Sept. 19, 2023). The Consent Decree would, in relevant part, require EPA to "sign a final rule reviewing and if appropriate revising the emission standards for [LMWCs] in accordance with

---

[1] *See also Sierra Club v. EPA*, 479 F.3d 875, 880–83 (D.C. Cir. 2007) (finding impermissible EPA MACT floors calculated using same methodology that EPA used in its LMWC standards); *Sierra Club v. EPA*, 167 F.3d 658, 663-65 (D.C. Cir. 1999) (same).

42 U.S.C. § 7429" by November 30, 2024. *Id.* ¶ 5. In accordance with the requirements of Clean Air Act Section 113(g), 42 U.S.C. § 7413(g), EPA noticed the proposed Consent Decree for public comment. Proposed Consent Decree, Clean Air Act Citizen Suit, 88 Fed. Reg. 38,859 (June 14, 2023); *see also East Yard*, ECF 24-1 ¶ 21.

Plaintiff WTEA submitted comments under Section 113(g) opposing the Consent Decree, arguing that EPA must first conduct a residual-risk analysis, and attached to its comments a notice of intent to initiate the instant action against EPA under the same legal theory. *See* WTEA Comments to EPA, ECF 7-2 (July 13, 2023). After consideration of these comments, EPA declined to withdraw the proposed Consent Decree, and jointly moved with East Yard for entry of the Consent Decree. Joint Motion to Enter Consent Decree, *East Yard*, ECF 24 ¶ 6 (Sept. 19, 2023).

On September 18, WTEA commenced the instant action. WTEA Complaint for Declaratory and Injunctive Relief, ECF 1 (Sept. 18, 2023). Three days after commencing this action, WTEA moved to consolidate this matter with the *East Yard* Matter so that the Court would delay its consideration of the *East Yard* Consent Decree. WTEA Motion to Consolidate, ECF 7 (Sept. 21, 2023). The following day, the Local Government Coalition for Renewable Energy, whose membership overlaps with WTEA,[2] moved to file an amicus brief in the *East Yard* Matter opposing entry of the Consent Decree under the same legal theory that WTEA raised in its Section 113(g) comments, in its Complaint, and in its Motion to Consolidate. *See* LGCRE Motion for Leave to File Amicus, *East Yard*, ECF 26 (Sept. 22, 2023); LGCRE Amicus Brief, *East Yard*, ECF 27 (Sept. 22, 2023).

---

[2] The Lancaster County Solid Waste Management Authority is represented both in the Local Government Coalition for Renewable Energy and on the board of WTEA. *See* Waste-to-Energy Association, *Who We Are*, https://www.wte.org/about-the-wte-association (last visited Oct. 4, 2023) [https://perma.cc/8XCS-RWW9]; *East Yard*, ECF 27 at 2-3 n.1; *see also* ECF 7 at 4 (describing WTEA as "essentially the entire regulated industry affected by the proposed [LMWC standards] Consent Decree").

**LEGAL STANDARD**

Courts may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). But "a district court is not required to consolidate actions," *Clayton v. D.C.*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014), and "the question of consolidation . . . is ordinarily left to the sound discretion of the District Court." *Moten & Bricklayers, Masons & Plasterers Int'l Union*, 543 F.2d 224, 228 n.8 (D.C. Cir. 1976). "The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation." *Clayton*, 36 F. Supp. 3d at 94.

In deciding whether to consolidate, the Court must "weigh considerations of convenience and economy against considerations of confusion and prejudice." *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003). "Consolidation is unwarranted . . . '[i]f the parties at issue, the procedural posture[,] and the allegations in each case are different.'" *Trustees of the Iam Nat'l Pension Fund v. Ohio Magnetics, Inc.*, No. 21-928, 2021 WL 3036854, at *1 (D.D.C. July 16, 2021) (quoting *Hanson v. D.C.*, 257 F.R.D. 19, 21 (D.D.C. 2009)).

**ARGUMENT**

The Court should deny WTEA's request to consolidate its newly-filed case with the nearly concluded *East Yard* Matter because it is an attempt to circumvent Circuit precedent that, if granted, would severely prejudice the *East Yard* Plaintiffs with no benefit of judicial convenience or economy.

### I.   The Court Must Reject WTEA's Brazen Attempt to Circumvent Clear Circuit Precedent Preventing WTEA From Intervening in the *East Yard* Matter.

Caselaw in this Circuit makes clear that a trade association representing a regulated industry, like WTEA, has no standing to intervene in a lawsuit that merely seeks deadlines for agency action. *See Defs. Of Wildlife v. Perciasepe*, 714 F.3d 1317, 1325 (D.C. Cir. 2013) (denying trade association's motion to intervene because the fact "[t]hat the consent decree prescribes a date

by which regulation could occur does not establish [association's] Article III standing"); *see also Env't Integrity Project v. Pruitt*, 709 F. App'x 12 (D.C. Cir. 2017) (denying intervention to North Dakota, even with its special solicitude as a State, because "[o]ur cases have held that a putative intervenor has no standing – specifically, has no injury-in-fact – when that putative intervenor alleges that it will be injured by the establishment of a deadline for a federal agency to decide *whether* to promulgate a rule" (emphasis original) (collecting cases).

Nor does this Circuit's caselaw allow WTEA to compel the Court to "revise" or "reexamine" the deadlines in the Consent Decree, as its Motion seeks. ECF 7 at 8. The Court's role in evaluating the proposed Consent Decree is "limited" – the Court must merely "satisfy itself of the settlement's 'overall fairness to beneficiaries and consistency with the public interest.'" *In re Idaho Conservation League*, 811 F.3d 502, 515 (D.C. Cir. 2016) (quoting *Citizens for a Better Env't v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)). In addition, even an "intervenor . . . does not have power to block [a consent] decree merely by withholding its consent," *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986) (collecting cases), much less a party, like WTEA, who has no right to intervene, and who already made use of its opportunity under Clean Air Act Section 113(g) to have its objections to the Consent Decree considered by EPA.

Instead of WTEA seeking to intervene in the *East Yard* Matter and attempt to alter the Consent Decree as an intervenor – thereby facing the headwinds of this Circuit's caselaw that would not allow such a move – WTEA filed an entirely new matter and immediately moved for consolidation of its new matter with *East Yard*, seeking to do through consolidation what it cannot do through intervention. This is an abuse of the consolidation process of the type that this Court has seen through and rejected previously. *See, e.g.*, *De La Fuente v. DNC Servs. Corp.*, No. 18-

336, 2019 WL 1778948, at *13 n.24 (D.D.C. Apr. 23, 2019) (agreeing that the movant "appears to be engaging in gamesmanship (if not judge shopping) by filing his motion [to consolidate]," and therefore denying that motion). This Court should similarly reject WTEA's gamesmanship and deny its Motion to Consolidate.

## II.     Granting Consolidation Would Result in Prejudice to East Yard and the Communities They Represent.

The Court should deny WTEA's Motion because consolidation would greatly prejudice East Yard and the incinerator-adjacent communities they represent, while WTEA would suffer no judicially cognizable prejudice by the denial of consolidation.

For over two decades, the *East Yard* Plaintiffs have filed a number of actions to ensure that EPA finalizes LMWC Standards in accordance with the timelines and requirements of the Clean Air Act.[3] Meanwhile, over the past two decades, WTEA, its predecessor associations, and its members sat silent about their supposed concern about the timeliness of EPA's residual-risk analysis, until now.[4] The *East Yard* Plaintiffs, their members, and the communities they represent have suffered from exposure to additional incinerator pollution for over thirty years because EPA has yet to promulgate the Clean Air Act-complaint LMWC Standards that Congress required EPA to finalize in 1991. *See* Declaration of Whitney Amaya, *East Yard*, ECF 1-5 ¶¶ 5, 12 (Nov. 30,

---

[3] *See Sierra Club v. Whitman*, No. 01-1537 (D.D.C.) (Sierra Club challenge to EPA's failure to review and revise LMWC Standards by Clean Air Act's five-year deadline); *Sierra Club v. EPA*, No. 06-1250 (D.C. Cir.) (Sierra Club's petition to review revised LMWC standards); *East Yard* Matter; *In re East Yard Communities for Environmental Justice*, No. 21-1271 (D.C. Cir., Dec. 21, 2021) (mandamus matter).

[4] *See* ECF 1 ¶¶ 18, 26 (calculating that EPA's residual-risk analysis was due in 2003); ECF 7 at 2, 6 (same); *but see* T. Michaels, President, Integrated Waste Services Association ("IWSA") Comments, Feb. 6, 2006 [EPA-HQ-OAR-2005-0117-0073] (post-2003 comments of WTEA predecessor entity to EPA about LMWC standards that are silent on issue of timing of residual-risk analysis); T. Michaels, President, IWSA, Comments, April 18, 2007 [EPA-HQ-OAR-2005-0117-0163] (same); T. Michaels, President, IWSA, Comments, Sept. 6, 2013 [EPA-HQ-ORD-2011-0805-0003] (same).

2021); Declaration of Kimberly Yamilet Amaya, *East Yard*, ECF 1-6 ¶¶ 1, 7, 9, 12 (Dec. 13, 2021);

Declaration of Maria Lopez Nuñez, *East Yard*, ECF 1-7 ¶¶ 5-6, 12 (Nov. 30, 2021); Declaration

of Neil Carman, *East Yard*, ECF 1-8 ¶ 9 (Dec. 15, 2021); Declaration of Huda Fashho, *East Yard*,

ECF 1-9 ¶ 4 (Dec. 3, 2021); Declaration of Spencer John Pierce, *East Yard*, ECF 1-10 ¶¶ 1, 7-8

(Dec. 7, 2021); *see also* 42 U.S.C. § 7429(a)(1)(B) (requiring LMWC standards by November 15,

1991). East Yard would suffer prejudice from additional undue exposure to pollution if WTEA

succeeds in further delaying Clean Air Act-complaint incinerator standards that are already

decades late.

       WTEA will suffer no judicially cognizable prejudice if the Court denies consolidation and

approves the Consent Decree in the *East Yard* Matter. WTEA's desired outcome is that "EPA . . .

perform the residual risk assessment . . . in advance of or together with the revised MACT analysis

called for by the East Yard case." ECF 7 at 7. But Circuit precedent is clear that the fact "[t]hat

one rulemaking moves faster than another . . . does not mean that it results in procedural injury to

[trade association] members." *Defs. of Wildlife*, 714 F.3d at 1324.

       This is especially so here, because nothing in the proposed Consent Decree precludes EPA

from performing the residual-risk assessment "in advance of or together with" the Consent

Decree's 2024 rulemaking deadline, as WTEA seeks. ECF 7 at 7. To the contrary, the consent

decree broadly requires EPA to update the standards "in accordance with 42 U.S.C. § 7429," *East

Yard*, ECF 24-1 ¶ 5, which, as WTEA admits, is the statutory provision from which EPA's risk-

assessment obligation stems, *see* ECF 1 ¶¶ 1, 4, 16, 26, 30; ECF 7 at 2, 6. While it is true that the

Consent Decree does not specifically mention EPA's residual-risk analysis obligation, as WTEA

notes, ECF 1 ¶ 23, it is also true that the Consent Decree similarly does not specifically mention

EPA's revision of the MACT standards, nor, for that matter, any of the other regulatory

components that EPA promised the D.C. Circuit it would reconsider over 15 years ago. *See* Background, *supra*. Denial of consolidation and approval of the Consent Decree does not prevent EPA from completing the residual-risk analysis on a timeline that is acceptable to WTEA, nor does it prevent WTEA from continuing its attempt to seek a deadline specific to residual risk through its own litigation (that is not consolidated with the *East Yard* Matter).

Additionally, WTEA would not suffer prejudice under WTEA's theory of procedural injury if the Court were to deny consolidation and approve the Consent Decree, because WTEA has no cognizable procedural injury. WTEA argues that the Clean Air Act requires EPA to finalize the residual-risk analysis *prior* to its five-year review and revision of the rule, but it points to no statutory language that so requires. *See generally* ECF 1, ECF 7. Nor could it, because the statute sets EPA's residual-risk analysis deadline to four years *after* the deadline for the first five-year review and revision. Compare 42 U.S.C. § 7429(a)(5) (requiring first review and revision of LMWC standards within five years) with *id.* §§ 7429(a)(1)(B), (h)(3), 7412(f)(2)(C) (requiring residual-risk analysis within nine years).[5] The statute thus does not prevent EPA from conducting a five-year review without first conducting a residual-risk analysis, as WTEA would have it – to the contrary, Congress's timeline expressly contemplates, and requires, that EPA would conduct the five-year review *before* the residual-risk analysis. Whether or not it is EPA's "general policy" to have the five-year review be informed by any prior residual-risk analysis, ECF 7 at 7 (quoting

---

[5] The prior EPA rulemaking that WTEA quotes in its Motion similarly notes that "the deadline for the first round of technology review under section 129(a)(5) (5 years following MACT promulgation) does not coincide with the deadline for residual risk review under section 112(f)(2) (9 years, in the case of [hospital/medical/infectious waste incinerator] standards)." Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources: Hospital/Medical/Infectious Waste Incinerators, 72 Fed. Reg. 5,510, 5,533 (Feb. 6, 2007).

72 Fed. Reg. at 5,533),[6] does not mean that the statute prevents EPA from conducting a five-year review without first conducting a residual-risk analysis.

That is especially true here, where the current LMWC Standards do not even comply with the Clean Air Act. WTEA's Motion fails to mention that, by EPA's own admission, the current MACT Floors are "not consistent" with this Circuit's caselaw and are therefore "deficien[t]," and must be reconsidered. EPA's Reply In further Support of Its Mot. for Voluntary Remand, *Sierra Club v. EPA*, No. 06-1250, at 3 (D.C. Cir., Dec. 6, 2007) (Ex. 2). WTEA appears to hope that, by conducting the residual risk analysis first before reviewing any other aspect of the LMWC standards, EPA will simply forget that these other parts of the standards admittedly do not comply with the law. *See* Background, *supra*. But WTEA's hopes cannot undo controlling Circuit precedent that holds otherwise. The Court should not fall for WTEA's gambit, and should approve the Consent Decree and deny the Motion to Consolidate.

### III.    Consolidation Would Not Benefit Judicial Economy.

Finally, the Court should deny WTEA's Motion because there is no judicial efficiency to be gained through consolidation. "[T]he court should consider whether judicial efficiency is best served by consolidation." *Clayton*, 36 F. Supp. 3d at 94 (quoting *Frederick v. S. Star Cent. Gas Pipeline, Inc.*, No. 10–1063, 2010 WL 4386911, at *2 (D. Kan. Oct. 29, 2010)). When cases are in "very different stages of litigation . . . judicial efficiency would not be served by their consolidation." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002).

Here, the *East Yard* Matter needs only the Court's approval of the proposed Consent Decree to be complete. *See East Yard*, ECF 24. WTEA's action, on the other hand, is less than 3

---

[6] *See also Blue Ridge Envtl. Def. League v. Pruitt*, 261 F. Supp. 3d 53, 56 (D.D.C. 2017) (noting that, for rulemakings under similar provisions in Clean Air Act Section 112, "*EPA's practice* has been to combine its technology-based obligations under § 7412(d)(6) and its residual-risk obligations under § 7412(f)(2) in a single rulemaking" (emphasis added)).

weeks old and has barely entered the pleading stage. The two cases are thus in "vastly different procedural postures," *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017), and any future Court order in WTEA's action would likely have no bearing on the near-complete *East Yard* Matter. Judicial economy is therefore not served by consolidation here.

## CONCLUSION

For the reasons set forth above, the Court should deny WTEA's Motion to Consolidate, and should approve the proposed Consent Decree that would resolve the *East Yard* Matter.


Respectfully submitted,

Dated:  October 5, 2023

/s/ Khushi Desai
Khushi Desai, D.C. Bar No. 984119
Earthjustice
1001 G St. NW, Ste. 1000
Washington, D.C. 20001
kdesai@earthjustice.org
(202) 745-5224

Jonathan Smith, Esq.*
Casandia Bellevue, Esq.*
Earthjustice
48 Wall Street, 15th Floor
New York, NY 10005
jjsmith@earthjustice.org
cbellevue@earthjustice.org
(212) 845-7379
*Applications for Admission to the Bar of this Court pending

*Counsel for East Yard Communities for Environmental Justice, Ironbound Community Corporation, and Sierra Club*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 5th day of October, 2023, I caused a copy of the foregoing

document to be served by the Court's CM/ECF system on counsel for all parties in this matter.

/s/ Khushi Desai
Khushi Desai